UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MCAFEE and MGT CAPITAL INVESTMENTS, INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | Civil Action No. 1:16-cv-06934-JPO |

**NOTICE OF MOTION AND MOTION FOR JOINDER OF MCAFEE, INC. AS A DEFENDANT AND MOTION FOR LEAVE TO FILE THE SECOND AMENDED ANSWER AND COUNTERCLAIMS; MEMORANDUM OF LAW IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure 15 and 19, and the Court's October 28, 2016 Scheduling Order, Defendant Intel Corporation ("Intel" or "Defendant") will move this Court at the United States District Court for the Southern District of New York, on a date and time to be determined by the Court, for an Order granting Intel's motion to join its wholly-owned subsidiary, McAfee, Inc., as a defendant in this action and granting Intel's request for leave to file a second amended answer and counterclaims. Intel's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law and Exhibits A - B thereto, all papers on file in this action, and such other written or oral argument as may be properly presented to the Court at the time of a hearing or otherwise.

1

**MEMORANDUM OF LAW**

I. **INTRODUCTION**

This is a trademark dispute between Plaintiffs MGT Capital Investments, Inc. and John McAfee and Defendant Intel over Intel's well-known MCAFEE brand of cybersecurity products. Intel acquired McAfee, Inc. in 2011, and Intel has continuously used and promoted the MCAFEE mark since then. Plaintiffs recently announced that they intend to adopt a similar MCAFEE mark for new cybersecurity products. When Intel expressed concern, Plaintiffs filed this declaratory judgment lawsuit, claiming an unfettered right to use MCAFEE in their new business name, notwithstanding the obvious risk of consumer confusion that their new name creates.

Among other things, Plaintiffs' complaint seeks cancellation of several MCAFEE trademark registrations. The Court cannot provide complete relief among the existing parties, however, because the registrant of each of the relevant trademark registrations, Intel's subsidiary McAfee, Inc., is not a party to this action. Thus, McAfee, Inc. is a necessary and indispensable party, and the Court should grant Intel's motion to join it as a party.

Intel has also timely moved to file a proposed Second Amended Answer and Counterclaims ("Proposed Amended Counterclaims" attached as Exhibit A) adding McAfee, Inc. as a Counterclaimant, and adding an infringement claim under 15 U.S.C. § 1114. Although Intel's existing counterclaims include false designation of origin and dilution claims under 15 U.S.C. § 1125, only McAfee, Inc., as the registrant, has standing to assert counterclaims under Section 1114 for infringement of the registered MCAFEE marks. Because leave to amend is liberally granted, and Plaintiffs will not be prejudiced by the filing of the Proposed Amended Counterclaims, Intel's motion for leave to amend should also be granted.

2

## II.   BACKGROUND

For many years, MCAFEE has been recognized as one of the world's most trusted security brands. *See* Dkt. No. 26 ("Answer and Counterclaims") ¶ 13. Intel acquired McAfee, Inc. in 2011. *Id*. ¶ 12. Since then, Intel has continued to use and promote the MCAFEE mark on and in connection with security products, services, and publications for consumers and businesses. *Id*.

Plaintiff John McAfee has had nothing to do with McAfee, Inc. or the MCAFEE trademark for over twenty years. *Id*. ¶ 11. He originally founded McAfee Associates in 1987, but in September 1991, he sold the assets of his business, including its trademarks, to McAfee Associates, L.P. Mr. McAfee resigned from the company in 1994, and he has had no involvement with the company or its business since then. *Id*.; Dkt. No. 2 ("Complaint") ¶ 22.

In a May 9, 2016 press release, MGT Capital announced that it was joining up with Mr. McAfee and planning to use a MCAFEE name for a new cybersecurity business. Answer and Counterclaims ¶ 18. Specifically, MGT Capital announced a planned relationship whereby John McAfee would become the company's Executive Chairman and Chief Executive Officer. *Id*. In that same press release, MGT Capital announced plans to acquire an anti-spy software company, to grow MGT into a "successful and major force in the cybersecurity space," and to rename itself "John McAfee Global Technologies, Inc." *Id*.; Complaint ¶¶ 23-24.

In June 2016, Intel sent a letter to MGT Capital expressing concern about Plaintiffs' stated plans to adopt and use a business name and mark containing "MCAFEE" in connection with anti-spy software and other cyber security related offerings. Answer and Counterclaims ¶ 19; Complaint, Ex. B. In July 2016, at Plaintiffs' counsel's request, Intel sent Plaintiffs' counsel a copy of the Acquisition Agreement by which John McAfee sold the assets—including all trademarks—of his business to McAfee Associates, L.P. Answer and Counterclaims ¶ 20.

Plaintiffs never substantively responded to Intel's letter. *Id*. Instead, on September 2, 2016, Plaintiffs brought this lawsuit against Intel for declaratory judgment, seeking a determination that Plaintiffs have the right to use "McAfee" as a part of their new business name, and further alleging that Intel had abandoned the MCAFEE mark. *See* Complaint. Among other things, the Complaint purports to seek cancellation of eight federal trademark registrations, each of which lists McAfee, Inc. as the registrant.

On October 20, 2016, Intel filed its first amended answer and asserted counterclaims against Plaintiffs for, *inter alia*, false designation of origin and dilution under 15 U.S.C. § 1125. *See* Answer and Counterclaims. In its Counterclaims, Intel stated that McAfee, Inc. is the wholly-owned subsidiary of Intel, and McAfee, Inc. is the registered owner of numerous U.S. trademark registrations for the MCAFEE marks. *See id*. ¶¶ 16, 114, Exs. 1-8. Intel also raised Plaintiffs' failure to join a required party as an affirmative defense. *Id*. ¶ 114.

In the parties' joint Civil Case Management Plan and Scheduling Order, Intel included a proposal to join McAfee, Inc. as a party, noting it would move to join McAfee, Inc. if Plaintiffs would not stipulate.[1] *See* Dkt. No. 28 (Civil Case Management Plan and Scheduling Order signed by the Court on October 28, 2016). To date, without explanation, Plaintiffs have refused to stipulate to join McAfee, Inc. as a defendant, forcing Intel to bring this motion.

---

[1] As noted in the parties Civil Case Management Plan, in September 2016, Intel and TPG announced an agreement under which the two parties will establish a newly formed, jointly-owned, independent cybersecurity company called McAfee. Upon closing of that transation (expected in the second quarter of 2017), it may be necessary to join or substitute parties.

**III.     ARGUMENT**

    **A.     The Court Should Join McAfee Inc. as a Defendant.**

Under Federal Rule of Civil Procedure 19(a)(1)(A), a party subject to service of process whose joinder will not deprive the court of subject matter jurisdiction[2] *must* be joined as a defendant if "in that person's absence, the court cannot accord complete relief among existing parties." Here, the Court cannot accord complete relief with respect to Plaintiffs' abandonment and cancellation claims without Intel's subsidiary, McAfee, Inc. (the registered owner of the MCAFEE registrations) as a party to this action.

Plaintiffs will suffer no prejudice by the joinder of McAfee, Inc. Moreover, Plaintiffs have not explained how the Court could properly determine whether the registrations for the MCAFEE marks should be cancelled without the registered owner of the MCAFEE mark as a party. Indeed, failing to join McAfee, Inc. as a party could be grounds for dismissal because trademark registrants and owners are indispensable parties to cancellation claims. *See, e.g.*, *May Apparel Grp., Inc. v. Ava Imp.-Exp., Inc.*, 902 F. Supp. 93, 96 (M.D.N.C. 1995) (finding registrant and owner of trademark was indispensable party, and dismissing claim to cancel trademark registration for failure to include that party).

Rather than seek dismissal, however, Intel seeks to join the proper party and resolve all of the issues in this dispute in a single proceeding. Because McAfee, Inc. is an indispensable party, and joining it will create no prejudice, the Court should grant Intel's motion.

---

[2] There is no dispute that McAfee, Inc. is subject to service of process, and that joinder will not deprive the Court of subject matter jurisdiction.

## B. The Court Should Allow Defendant Intel and Proposed Defendant McAfee, Inc. to File the Second Amended Answer and Counterclaims.

In addition to joining McAfee, Inc. as a party, the Court should also permit Intel and McAfee, Inc. to file the Proposed Amended Counterclaims jointly. *See* Exhibit A. Intel contends that Plaintiffs' use of a MCAFEE brand for cybersecurity products and services infringes the federally registered MCAFEE marks. Although Intel, as the parent company of McAfee Inc., has standing to assert federal false designation or origin and dilution claims under 15 U.S.C. § 1125, only the registrant, McAfee, Inc., has standing to assert infringement claims under 15 U.S.C. § 1114 (an infringer "shall be liable in a civil action *by the registrant*.") (emphasis added); *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 72 (2d Cir. 2013). Because McAfee, Inc.'s proposed counterclaims arise out of the same facts as the existing claims and counterclaims, the Court should allow this amendment.

Rule 15(a) of the Federal Rules of Civil Procedure states that a party may amend a pleading by leave of the court, and that such leave "shall be freely given where justice so requires." Leave to amend is to be granted with "liberality," provided there is no bad faith, undue delay, prejudice, or futility. *See Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, no circumstances exist to justify departure from this liberal rule in favor of amendment. Intel makes this request within the time allowed to amend pleadings under this Court's scheduling order, and this motion—which the parties discussed in the Civil Case Management Plan—comes as no surprise to Plaintiffs. *See* Dkt. No. 28. The Proposed Amended Counterclaims add few new allegations and only one new counterclaim, which arises from the same operative facts as Plaintiffs' existing claims and Intel's existing counterclaims. *See* Exhibit B (redline comparing Amended Answer and Counterclaims with Proposed Amended

Counterclaims). The amendment will cause no delay, as the parties only recently had their initial case management conference, and have over sixth months to conduct discovery. Because the Rule 15(a) standard is readily met here, the Court should grant Intel's request to file the Proposed Amended Counterclaims.

**IV. CONCLUSION**

For the reasons set forth above, Intel respectfully requests that the Court (1) join McAfee, Inc. as a defendant in this action, and (2) permit Defendants Intel and McAfee, Inc. to file the Second Amended Answer and Counterclaims attached as Exhibit A to this Motion.

Dated: November 28, 2016

Respectfully submitted,

*/s/ Jedediah Wakefield*
JEDEDIAH WAKEFIELD, CSB No. 178058
*(Pro hac vice)*
HAILEY TETON, CSB No. 294262
*(Pro hac vice)*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
Email: hteton@fenwick.com

Kathryn J. Fritz (KF3995)
State Bar No. 2078483
FENWICK & WEST LLP
1211 Avenue of the Americas
32nd Floor
New York, NY 10034
Telephone: 212.921.2001
Facsimile: 650.938.5200
Email: kfritz@fenwick.com

*Attorneys for Defendant* INTEL CORPORATION