# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into and made effective as of the date of the last signature below (the "Effective Date") by and between Intel Corporation ("Intel"), McAfee, LLC ("McAfee"), MGT Capital Investments, Inc. ("MGT Capital"), and John McAfee (individually "Party" and collectively "the Parties").

## RECITALS

WHEREAS, Intel was previously the 100% owner of McAfee;

WHEREAS, on or about June 3, 2016, Intel sent a letter to MGT Capital expressing concern about MGT Capital and John McAfee's stated plans to change MGT Capital's name to "John McAfee Global Technologies" and to offer cybersecurity related goods and services, and asserting that the use of such a mark would infringe and dilute the MCAFEE name and trademarks;

WHEREAS, on or about September 6, 2016, John McAfee and MGT Capital (collectively "Plaintiffs") filed a complaint for declaratory judgment against Intel in the United States District Court for the Southern District of New York, entitled *John McAfee and MGT Capital Investments, Inc., v Intel Corporation*, Civil Action No. 16-cv-06934-JPO (the "Action"), seeking, among other things, a ruling that Plaintiffs' intended uses of Mr. McAfee's name were lawful and did not infringe upon or dilute any of Intel's rights in the MCAFEE marks, and seeking cancellation of federal trademark registrations for the MCAFEE marks;

WHEREAS, Intel asserted counterclaims in the Action against John McAfee and MGT Capital for federal false designation of origin, federal trademark dilution and dilution under New York and California law, common law trademark infringement, and common law unfair competition;

WHEREAS, McAfee, LLC (then McAfee, Inc.) joined as a party in the Action and has asserted counterclaims in the Action against John McAfee and MGT Capital for federal trademark infringement, dilution, and related claims, as the owner and registrant of the MCAFEE marks;

WHEREAS, the Parties desire to settle the Action on the basis of the terms and conditions set forth in this Agreement;

NOW, THEREFORE, and in consideration of the mutual promises of the Parties contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## SETTLEMENT TERMS AND CONDITIONS

### 1. AGREEMENT WITH RESPECT TO PLAINTIFFS' USE OF "MCAFEE" MARKS

The Parties agree to the following with respect to Plaintiffs' use of "McAfee" in connection with cybersecurity or security related products and services. As used in this Agreement, the

term "cybersecurity" encompasses a broad range of technologies, practices, tools and concepts designed to protect enterprise and consumer networks, devices, programs, and data from attack, damage or unauthorized access. Cybersecurity applies to the entire information system including, but not limited to:

1. network security
2. application security
3. endpoint security
4. data security and loss prevention
5. identity and access management
6. messaging security
7. database and infrastructure security
8. cloud (web) security
9. mobile security
10. security and vulnerability management
11. disaster recovery and business continuity planning
12. privacy protection, and
13. end-user education.

Cybersecurity includes but is not limited to: access and information protection; antivirus, antimalware, and antispam; endpoint and server security; encryption; privileged access; privacy protection; authentication; messaging security; device vulnerability assessment; firewall; network intrusion detection & protection (IDP); virtual private network (VPN); data classification; data loss prevention; web security; security & vulnerability management (SVM); security services including consulting services, integration services, managed security services, education and training; data storage, data encryption, and database systems; password management; unified threat management; and security information and event management (SIEM). The limitation of the following provisions to the areas of cybersecurity and security does not restrict or enlarge the Parties' respective rights in other areas, which the Parties expressly reserve.

**1.1.** Plaintiffs will not use the name "John McAfee Global Technologies" or the trademark "John McAfee Privacy Phone", and Plaintiffs will not otherwise use "McAfee" or "John McAfee" regardless of capitalization or stylization as (or as part of) any other trademark or service mark (including any slogan used as a trademark or service mark), any logo, or any business name, trade name, or other brand name.

**1.2.** Plaintiffs may use the name "John McAfee" in promotional and advertising materials, including press releases, provided that the name is used descriptively in the context of a complete sentence, and appears no larger or more distinct than the surrounding words in that sentence. After first using the full name "John McAfee" in such promotional or advertising materials, subsequent references to Mr. McAfee may refer to him as "Mr.

McAfee" but not simply "McAfee." In no event may Plaintiffs refer to their cybersecurity or security related products or services as "McAfee" products or services. In verbal presentations, Mr. McAfee's name must likewise be used descriptively, and not in a manner that suggests it is (or is part of) the name of any cybersecurity or security related product, service, or company.

**1.3.** On any advertising or promotional material containing the personal name as discussed above, Plaintiffs must prominently display the MGT trademark or other trademark (not containing the word "McAfee").

**1.4.** In verbal presentations, promotional materials, advertising materials, and letters, John McAfee may refer to himself in the first person (e.g., "I designed this product"; "This product is endorsed by me"; "This is my privacy phone").

**1.5.** In verbal presentations, promotional materials, advertising materials, and letters, Plaintiffs may refer to John McAfee as the "founder", "former head" (or descriptions of similar nature) of McAfee Associates (n/k/a McAfee, LLC).

**1.6.** Plaintiffs may use "John McAfee" in the bottom left or bottom right corner of any product packaging so long as it is used descriptively in the context of a complete sentence, and appears no larger or more distinct than the surrounding words in that sentence, and smaller than the product name or company insignia, which company insignia would be prominently displayed consistent with <u>Exhibit A</u>. For the avoidance of doubt, the Parties agree that the reference to Mr. McAfee as displayed in Exhibit A would comply with the restrictions in Section 1.1 of this Agreement, specifically that such use of Mr. McAfee's name is not (or part of) a trademark, service mark, slogan, logo, business name, brand name or trade name.

**1.7.** Nothing in this Agreement restricts Plaintiffs' use of John McAfee's likeness.

## 2. DISMISSAL OF THE ACTION WITH PREJUDICE

Within three business days of the Effective Date of this Agreement, the Parties will file with the United States District Court for the Southern District of New York a dismissal of all of their claims in this Action, in their entirety with prejudice. The stipulation will request that the Court retain jurisdiction for the purposes of enforcing this Agreement.

## 3. MUTUAL RELEASES

**3.1.** <u>John McAfee and MGT Capital</u>. As of the Effective Date, John McAfee and MGT Capital hereby release and discharge Intel and McAfee, LLC, including their affiliates, members, owners, officers, employees, agents, and attorneys, from any and all claims, demands, or suits, whether in law or equity, whatsoever, known or unknown, in law or in equity, relating to the MCAFEE marks, which claims, demands, or suits arose on or before the Effective Date. Nothing in this release affects claims arising from any breach of the Agreement or conduct occurring after the Effective Date.

**3.2.** <u>Intel and McAfee, LLC.</u> As of the Effective Date, Intel and McAfee, LLC hereby release and discharge John McAfee and MGT Capital, including their affiliates, members, owners, officers, employees, agents, and attorneys, from any and all claims, demands, or suits, whether in law or equity, whatsoever, known or unknown, in law or in equity, relating to the MCAFEE marks, which claims, demands, or suits arose on or before the Effective Date. Nothing in this release affects claims arising from any breach of the Agreement or conduct occurring after the Effective Date.

## 4. NO ADMISSION

This Agreement is entered into for purposes of settlement and compromise only. Neither this Agreement nor anything contained herein, nor any act or thing done in connection herewith, is intended to be or shall be construed or deemed to be an admission by any party of any liability, fault or wrongdoing whatsoever.

## 5. PARTIES' COSTS AND FEES

Each Party shall bear its own costs, expenses, and attorneys' fees incurred in connection with the Action. Should any future legal proceeding or action arise related to the enforcement of this Agreement, the prevailing Party shall be entitled to an award, in addition to its damages, of reasonable attorneys' fees, costs, and expenses related to such dispute.

## 6. SUCCESSORS AND ASSIGNS

The provisions of this Agreement shall extend and inure to the benefit of and be binding upon, in addition to the Parties hereto, just as if they had executed this Agreement, the respective legal heirs and assigns of each of the Parties hereto and that Party's administrators, directors, officers, partners, agents, servants, employees, representatives, affiliates, parents, subsidiaries, shareholders, predecessors, successors, and assigns, and each of the foregoing.

## 7. PUBLICITY AND DISCLOSURES

**7.1.** Each Party may issue a press release in the form of <u>Exhibit B</u>, but no Party shall issue any other press release concerning, or otherwise publicize, this Agreement or its terms. In response to inquiries about the case, the Parties may state that (i) the Parties have amicably resolved their dispute; (ii) direct the inquiring party to the docket on PACER containing the terms of the Agreement; and/or (iii) that Plaintiffs have voluntarily withdrawn their plans to use the name "John McAfee Global Technologies," and that the case has been dismissed.

**7.2.** Other than the foregoing, the Parties shall not disclose the Agreement or its terms except:

    i.    as mutually agreed upon in a writing signed by all Parties;

ii. pursuant to a valid order of a court or other tribunal, or a lawfully issued and enforceable subpoena;

iii. where necessary to report to appropriate tax authorities, or to accountants or auditors of the Parties, as and only to the extent required to perform auditing or tax accounting work or the preparation of financial statements;

iv. to their board of directors or board of trustees;

v. to any regulatory, self-regulatory or governmental entity or agency, including the OTC Markets, upon request by such agency or in the context of communicating with the agency by a Party, as reasonably determined, in good faith, by the attorneys for such Party;

vi. to enforce any term of this Agreement, including in public court filings;

vii. to the extent necessary, to their attorneys; and

viii. as otherwise required by law or regulation, including, but not limited to, SEC reporting requirements.

## 8. GENERAL PROVISIONS

**8.1.** <u>Representation by Counsel.</u> Each of the Parties acknowledges that this Agreement has been executed with the consent and on the advice of independent legal counsel of his/its choice. Each Party further acknowledges his/its counsel has had an adequate opportunity to make whatever investigation or inquiry is deemed necessary or desirable in connection with the subject matter of this Agreement.

**8.2.** <u>Representations as to Authority.</u> Each of the Parties represents and warrants that he/it has the sole right and exclusive authority to execute this Agreement and that he/it has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand, relating to any matter covered by this Agreement.

**8.3.** <u>Descriptive Headings.</u> The headings used in this Agreement are descriptive only and for the convenience of identifying provisions, and are not determinative of the meaning or a fact of any such provisions.

**8.4.** <u>Choice of Law.</u> This Agreement and any disputes arising from this Agreement shall be governed by New York law.

**8.5.** <u>Jurisdiction and Venue.</u> The Parties stipulate that jurisdiction (including personal jurisdiction) and venue in any action arising from or relating to this Agreement shall be proper only in a state or federal court within the Southern District of New York.

**8.6.** Construction. Each Party has cooperated in the drafting and preparation of this Agreement. This Agreement shall not be construed against any Party on the basis of that Party being the drafter.

**8.7.** Entire Agreement. This Agreement constitutes the entire agreement and understanding between the Parties with respect to the subject matters set forth therein, and supersedes and replaces any prior agreements and understandings, whether oral or written, between and among them with respect to such matters. The provisions of this Agreement may be waived, altered, amended or repealed in whole or in part only upon the written consent of all Parties to the Agreement.

**8.8.** Counterparts. This Agreement may be executed in counterparts, each of which shall be original, but all of which shall constitute one and the same instrument. Signature may be by PDF copy or facsimile.

**8.9.** Severability. Should any provision of the Agreement be declared invalid, unenforceable or otherwise in conflict with any law or statute it shall not affect the validity of any other provision of the Agreement.

**IN WITNESS WHEREOF,** each of the Parties hereto has duly executed this Agreement as of the date noted below.

*Signatures to Immediately Follow*

Agreed to:

| MGT Capital Investments, Inc. | Intel Corporation |
|---|---|
| By: _____ | By: *[signature]* |
| Name: _____ | Name: Christopher T. George |
| Title: _____ | Title: Assistant Corp Secretary |
| Date: _____ | Date: June 27, 2017 |

| John D. McAfee | McAfee, LLC |
|---|---|
| _____ | By: _____ |
| Date: _____ | Name: _____ |
| | Title: _____ |
| | Date: _____ |

Agreed to:

MGT Capital Investments, Inc.

By: _____

Name: _____

Title: _____

Date: _____

John D. McAfee

_____

Date: _____

Intel Corporation

By: _____

Name: _____

Title: _____

Date: _____

McAfee, LLC

By: *[signature]*

Name: Michael Berry

Title: EVP, Chief financial Officer

Date: 06/28/17

Agreed to:

MGT Capital Investments, Inc.

By: *Robert Ladd* (signature)

Name: Robert Ladd

Title: President

Date: June 29, 2017

John D. McAfee

(signature)

Date: June 29, 2017

Intel Corporation

By: _____

Name: _____

Title: _____

Date: _____

McAfee, LLC

By: _____

Name: _____

Title: _____

Date: _____

<u>**EXHIBIT A**</u>

# SENTINEL



SENTINEL IS A REVOLUTIONARY SECURITY SOFTWARE ENGINEERED BY CYBERSECURITY PIONEER, JOHN MCAFEE

# EXHIBIT B

MGT Capital Investments, Inc. (OTCQB: MGTI), Intel Corporation (NASDAQ: INTC), and McAfee, LLC have amicably resolved their dispute, *John McAfee et al. v. Intel Corporation et al.*, Case No. 1:16-CV-06934 (the "Action"), in the United States District Court for the Southern District of New York and have voluntarily dismissed all claims and counterclaims filed in the Action.